UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| **Tammy Sharan Bing and Ted Bing,** )<br>)<br>) | |
| **Plaintiffs,** )<br>) | C.A. No. 9:23-cv-05839-DCN |
| vs. )<br>) | **COMPLAINT** |
| ) | **[JURY TRIAL DEMANDED]** |
| **Global Integrity Logistics,** )<br>**LLC, and Michael Leroy Perkins,** )<br>) | |
| **Defendants.** )<br>) | |

The Plaintiffs, Tammy Sharan Bing and Ted Bing, complaining of the Defendants herein, do respectfully allege as follows:

## PARTIES

1. The Plaintiffs, Tammy Sharan Bing and Ted Bing, are residents and citizens of Beaufort County, South Carolina. At all times pertinent hereto, Plaintiffs were lawfully married and resided together as husband and wife.

2. The Plaintiffs are informed and believe that Defendant, Michael Leroy Perkins, is a resident and citizen of Leon County, Florida. Plaintiffs are informed and believe that, at all times relevant hereto, Defendant Perkins was acting within the course and scope of his employment and/or agency with Defendant Global Integrity Logistics, LLC.

3. Plaintiffs are informed and believe that Defendant Global Integrity Logistics, LLC [hereinafter Defendant or "Global"], at the times relevant hereto, was a non-resident motor carrier

registered with the U.S. Department of Transportation under DOT Number 3910067, MC Number MC-1443069.

4. Plaintiffs are informed and believe that at the time of the events herein, Defendant Global was a limited liability corporation organized and existing by virtue of the laws of the state of Florida, with its principal place of business in a state other than the State of South Carolina.

5. Plaintiffs are informed and believe that Defendant Global is currently an inactive corporation, having been subjected to administrative dissolution on September 22, 2023.

6. At the time of the subject collision, Defendant Global was operating a commercial vehicle in the course and scope of its business within the State of South Carolina.

## JURISDICTION AND VENUE

7. Venue is proper in this Judicial District and the Beaufort Division pursuant to Local Rule 3.01 DSC and 28 U.S.C. § 1391 (b)(2) because the accident in this case occurred in Beaufort County, South Carolina and within this Division.

8. Plaintiffs have suffered damages which exceed $75,000.00, exclusive of interest and costs.

9. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §1332 and other applicable laws, as the citizenship of the Plaintiff is diverse from the citizenship of Defendants and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## CAUSES OF ACTION
### FOR A FIRST CAUSE OF ACTION
(**Negligence**)

10. Plaintiffs reallege and reiterate all of the allegations contained in paragraphs 1 through 9 as fully as if repeated herein verbatim

11. Plaintiffs are informed and believe that Global Integrity Logistics, LLC, at the time of the subject collision, operated one or more tractor trailer rigs in portions of the United States, including the State of South Carolina, and was licensed and operated as a commercial motor carrier under the rules and regulations of the U.S. Department of Transportation, Office of Motor Carriers.

12. On December 20, 2022, at approximately 6:20 am, Plaintiff Tammy Bing was operating her 2009 Honda vehicle in a southerly direction along Trask Parkway near the intersection with Roseida Road in Beaufort County, South Carolina.

13. At such time and place, Defendant Michael Perkins, acting within the course and scope of his employment with Global Integrity Logistics, LLC, was operating a tractor and trailer unit on Roseida Road toward the intersection with Trask Parkway.

14. At such time and place, Defendant Michael Perkins proceeded through a stop sign controlling traffic on Roseida Road and entered onto Trask Parkway, into the path of Plaintiff Tammy Bing, colliding with great force and violence with the driver side of her vehicle.

15. Plaintiffs are informed and believe that Defendant Perkins, while acting within the course and scope of his employment with Defendant Global Integrity Logistics, LLC, was negligent, willful, wanton, reckless, careless, and grossly negligent at the time and place hereinabove mentioned in the following particulars:

(a)   In failing to maintain attention to the roadway while driving;

(b)   In failing to maintain a proper lookout;

(c)   In disregarding a stop sign or other traffic control device;

(d) In failing to yield the right of way to Plaintiff's vehicle;

(e) In failing to brake in order to avoid a collision with Plaintiff's vehicle;

(f) In operating the tractor-trailer too fast for conditions;

(g) In failing to maintain proper control over his tractor-trailer;

(h) In failing to employ proper safety precautions;

(i) In failing to pay proper care and attention to his surroundings;

(j) In operating the tractor-trailer unit while in an inattentive and/or fatigued state in violation of 49 CFR § 392.3 and other applicable laws, regulations, and the common law;

(k) In operating a commercial vehicle in violation of Federal Motor Carrier Safety Regulations in terms of transporting goods without proper documentation;

(l) In failing to properly conduct and document vehicle inspections regarding his tractor-trailer unit in violation of Federal Motor Carrier Safety Regulations;

(m) In failing to use the degree of care and caution as would have been exercised by a reasonably prudent tractor-trailer driver under the circumstances then and there prevailing; and

(n) In such other particulars as may be determined through discovery procedures undertaken pursuant to the Federal Rules of Civil Procedure.

All of which negligence, willfulness, wantonness, recklessness, carelessness, and gross negligence is attributable to Defendant Global Integrity Logistics, LLC, by virtue of the doctrine of *Respondeat Superior*.

16. Plaintiffs are further informed and believe that the Defendant Global Integrity Logistics, LLC was negligent, willful, wanton, reckless, careless and grossly negligent at the time and place hereinabove mentioned in the following additional particulars:

(a) In failing to ensure that Defendant Perkins had the knowledge and skills necessary to control and maneuver a tractor-trailer rig safely on South Carolina highways prior to dispatching him;

(b)  In failing to ensure that its drivers properly completed and documented motor vehicle inspections as required by Federal Motor Carrier Safety Regulations;

(c)  In failing to ensure that its drivers operated their commercial motor vehicles and transported goods with proper documentation in compliance with Federal Motor Carrier Safety Regulations;

(d)  In failing to operate as a motor carrier in compliance with the Federal Motor Carrier Safety Regulations;

(e)  In failing to use the degree of care and caution as would have been exercised by a reasonably prudent motor carrier under the circumstances then and there prevailing; and

(f)  In such other particulars as may be determined through discovery procedures undertaken pursuant to the Federal Rules of Civil Procedure.

17.  At all times relevant to this action, Defendants were subject to and required to obey the minimum safety standards established by the Federal Motor Carrier Safety Regulations ("FMCSR") (49 CFR §§ 301-399), either directly or as adopted by the State of South Carolina.

18.  Defendants' actions in violating statutes and regulations enacted for the safety of the driving public constitute *negligence per se*.

19.  As a direct and proximate result of the negligence, recklessness, carelessness, willfulness, wantonness and gross negligence of the Defendants as aforesaid, Plaintiff Tammy Bing suffered severe and painful injuries, including but not limited to injuries to her left shoulder, arm and hand, left lower extremity, her neck and back resulting in cervical radiculopathy and cervical and lumbar spondylosis, she has suffered pain from nerve impingement, left facial and jaw pain, headaches, and other pain and disability; she has and will continue to incur medical expenses; she has and will continue to incur lost income; she has and will in the future suffer physical pain and suffering; she has and will in the future suffer loss of

enjoyment of quality of life, and mental and emotional distress; she has sustained property damage, for which the Plaintiff Tammy Bing is entitled to an award of actual and punitive damages in an amount to be determined by the jury at the trial of this case.

## FOR A SECOND CAUSE OF ACTION
### (Loss of Consortium)

20.  Plaintiffs reallege and reiterate all of the allegations contained in paragraphs 1 through 19 as fully as if repeated herein verbatim.

21.  As a direct and proximate result of the negligence, willfulness, wantonness, recklessness, carelessness and gross negligence of the Defendants as set forth above, Plaintiff Ted Bing has suffered and will in the future suffer loss of the aid, comfort, support, society and consortium of his wife, Tammy Sharan Bing, and is entitled to an award of actual damages in an amount to be determined by the jury at the trial of this action.

WHEREFORE, the Plaintiffs pray for and demand a trial by jury and for judgment against the Defendants for actual and punitive damages in an amount to be determined by the jury at the trial of this case, for the costs and disbursements of this action, and for such other and further relief as this Honorable Court deems just and proper.

*s/Charles W. Whetstone, III*
Charles W, Whetstone, III, Fed. I.D. No. 11677
Charles W. Whetstone, Jr., Fed. I.D. No. 4606
Cheryl F. Perkins, Fed. I.D. No. 4969
WHETSTONE, PERKINS & FULDA, LLC
Post Office Box 8086 (29202)
1620 Gervais Street
Columbia, SC   29201
Phone (803) 799-9400
Facsimile (803)799-2017
wwhetstone@attorneyssc.com

        cwhetstone@attorneyssc.com
        cperkins@attorneyssc.com
        ATTORNEYS FOR PLAINTIFFS

Columbia, South Carolina

November 14, 2023

[JURY TRIAL DEMANDED]